Inhabitants of Taunton *v.* Sproat.

INHABITANTS OF TAUNTON *vs.* JAMES SPROAT.

Penalties incurred under *St.* 1852, *c.* 322, §§ 7, 12, for unlawful sales of spirituous and in toxicating liquors, if recovered by indictment, accrue to the Commonwealth, by virtue of the Rev. Sts. *c.* 133, § 14, and not to the use of any city or town, as they would if recovered by action of debt.

Clerks of courts are bound by Rev. Sts. *c.* 141, § 9, to pay to the county treasurer all fines received by them in criminal cases; and are not liable to actions by cities or towns to whose use the fines are appropriated by statute.

SHAW, C. J.   This is an action for money had and received; the plaintiffs relying on the ground that the defendant, as clerk of the courts for the county of Bristol, has received fines, of persons convicted under the liquor law of 1852, which by law were appropriated to their use.

Two questions arise upon the facts agreed: 1st, Whether these penalties were recovered to the use of the town; and, if so, 2d, Whether this action will lie to recover them of the clerk.

Two classes of penalties are stated to have been recovered of parties convicted of offences committed in Taunton, and paid

to the clerk; namely, penalties recovered under § 7, for single sales, and penalties recovered under § 12, for being a common seller.

Section 8 provides that any forfeiture or penalty arising under § 7 may be recovered in an action of debt, brought in the name of the city or town where the offence was committed, or by complaint before a justice of the peace or judge of any police court in the county where the offence was committed. The statute further provides, that the forfeiture so recovered shall go to the town or city where the convicted party resides; and makes it the duty of the mayor and aldermen, and selectmen, to commence an action.

It is perhaps unnecessary to comment upon the incongruity of these clauses with each other, in a case where the offence is committed in one city or town, and the person convicted resides in another. Literally, the statute requires the former to bring and prosecute an action of debt for the use of the latter. But however this section 8 is construed, it is merely permissive. "Any forfeiture *may* be recovered in an action of debt, or by complaint." It affords a cumulative remedy, but does not abrogate the old remedy by indictment. By the Rev. Sts. *c.* 133, § 14, "all fines and forfeitures, imposed as a punishment for any offence, or for the violation or neglect of any duty imposed by a statute, where no other appropriation is expressly made, shall accrue to the Commonwealth; and the same, together with all fines and forfeitures expressly appropriated to the use of the Commonwealth, or of any county or town, may be prosecuted for and recovered by indictment." We consider that these fines are expressly appropriated to the use of the town in which the party convicted resides, in case an action of debt or a complaint is instituted, pursuant to the provisions of *St.* 1852, *c.* 322, § 8. These cases were not so prosecuted, and do not come within the specific appropriation to any city or town, but were recovered by indictment, to the use of the Commonwealth.

The other penalty sued for was one incurred under § 12, for being a common seller. The provision there is, that such penalties are "to be recovered, before any court of competent jurisdiction,

by indictment, or by action of debt in the name of the city or town where the offence shall have been committed." The clause is obscure and not easily understood; perhaps it depends somewhat on the punctuation. There is not in terms a specific appropriation of the fine to the city or town ; but if recovered by an action of debt in the name of the city, probably by implication it would be to the use of such city. But we are of opinion that the implication goes no further, and that, as in the other case, if recovered by indictment, by the general law, it will be to the use of the Commonwealth. See *Commonwealth* v. *Baker, ante,* 78.

2. But upon the other ground, we are of opinion that the town cannot maintain an action against the clerk. He is the mere officer and agent of the court to receive the money, and the law makes it his duty to pay it to the county treasurer. Fines are received, in practice, either by the clerk or the sheriff. By the form of the sentence, the party convicted is to pay the fine, or stand committed, until it be paid, to the custody of the sheriff or his deputy, who is thereupon bound to keep the prisoner or be responsible for the fine, as if paid. When the convict is in custody, he must pay the fine in order to obtain his release; and, upon tender, the sheriff or his officer is bound to receive the amount and discharge him. The duty of both clerks and sheriffs is prescribed by Rev. Sts. *c.* 141, § 9, which provide that " clerks of courts, and all sheriffs, jailers and other officers, who shall receive any fines, forfeitures or costs, to the use of the Commonwealth or of the county, shall forthwith pay over the same, without deduction, to the county treasurers." They have but a single duty to perform, which is to pay the money forthwith into the treasury of the county. No such case is supposed in the statute, as a fine paid to the use of a town. Should a town thus claim money paid into court officially, it would be for the court, by a proper order, on application of such town, to direct how the money should be paid over by the clerk. We think an action at law against the clerk would not lie. *Judgment for the defendant.*

*C. I. Reed,* for the plaintiffs.

*N. Morton & B. Sanford,* for the defendant.